UNITED STATES of America,
Plaintiff–Appellee,

v.

Pablo VALLEJO–MORENO,
Defendant–Appellant.

No. 05–40195.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

james Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for United States of America.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Pablo Vallejo–Moreno.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Pablo Vallejo–Moreno (Vallejo) appeals his sentence under 8 U.S.C. § 1326 for attempted illegal reentry into the United States after having been deported. Vallejo asserts that the district court erred in concluding that his prior state felony conviction for simple possession of cocaine and

---

marijuana was an "aggravated felony" for purposes of § 1326(b). Vallejo's argument is foreclosed by circuit precedent. *See United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir.2001); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997).

Vallejo also argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional. This challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Vallejo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Vallejo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Vallejo argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. He contends that the collection of his DNA violates the Fourth Amendment. Vallejo concedes that the issue is not ripe for review but raises the issue to preserve it for further review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (05–8662). As Vallejo concedes, this court lacks jurisdiction to consider the issue. *See id.*

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under